<u>**NOT FOR PUBLICATION**</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

EUGENE MCCLURE AND ANNA MAE MCCLURE,

     *Plaintiffs*,

  v.

CAMPERS INN OF SEWELL, INC., *et al.*,

     *Defendants*.

HONORABLE KAREN M. WILLIAMS

Civil Action

No. 25-17313 (KMW-EAP)

**MEMORANDUM OPINION
AND ORDER**

**WILLIAMS, District Judge:**

  This matter comes before the Court by way of Defendants Campers Inn RV of Sewell, Inc. d/b/a Dylan's RV Center; Jacob Helms; Andrew Pandolfi; and M&T Bank's (collectively, "Defendants") Motion to Dismiss ("MTD," Dkt. No. 9); Plaintiffs Eugene and Anna Mae McClure's ("Plaintiffs") Amended Complaint (Dkt. No. 12); and Plaintiffs' unopposed Letter (Dkt. No. 13) requesting the Court deny Defendants' MTD as moot and remand this case to state court due to a lack of subject-matter jurisdiction.

  **WHEREAS**, federal courts are courts of limited jurisdiction and have an independent obligation to address issues of subject-matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015). If a federal district court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3). To establish jurisdiction, a pleading must either present a federal claim or trigger the court's diversity jurisdiction. *See Gibson v. Tip Towing & Recovery LLC*, No. 23-2919, 2024 WL 658977 at *1 (3d Cir. Feb. 16, 2024). To assert a federal claim, a pleading must assert an action arising under the Constitution, laws, or treaties of the United States. *Id*. at *1 n.2.

To assert diversity jurisdiction, a pleading must demonstrate complete diversity of citizenship among the parties, with the amount in controversy being over $75,000.00. *Id*. at *1; and

**WHEREAS**, the Supreme Court of the United States has held that "[w]hen a plaintiff amends her complaint following her suits removal [and] eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves," *Royal Canin U.S.A. Inc v. Wullschleger*, 604 U.S. 22, 30 (2025); and

**WHEREAS**, here, Defendants removed this matter based on the Court's federal question subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint alleged violations of the Truth in Lending Act, 15 U.S.C. 1635(f) (*see* Notice of Removal and Compl., ¶¶ 94-101, Dkt. No. 1); and

**WHEREAS**, Plaintiff does not assert that this Court would have diversity jurisdiction over the parties pursuant to 28 U.S.C. § 1332; and

**THE COURT NOTING** that Plaintiffs filed their Amended Complaint (Dkt. No. 12) as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B); and

**THE COURT FURTHER NOTING** that Plaintiffs' Amended Complaint no longer raises a federal question. (*See* Am. Compl., ¶ 23.)

**CONSEQUENTLY,** for all the foregoing reasons, and for good cause shown;

IT IS on this 13th day of **February**, **2026** hereby

**ORDERED** that Defendants' MTD (Dkt. No. 9) is **DENIED as moot**; and

**ORDERED** that Plaintiffs' Letter request to remand (Dkt. No. 13) is **GRANTED**; and

**ORDERED** that this case is **REMANDED** to the Superior Court of New Jersey, Law Division, Cumberland County.

*Karen M. Williams*
_____
KAREN M. WILLIAMS
U.S. DISTRICT COURT JUDGE

2